UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

STEVEN JAMES HOFFMANN,

          Plaintiff,

v.

          Case No. 24-cv-541

LIEUTENANT WADE SCHLICHTING, et al.

          Defendants.

---

### SARAH A. BUELOW-MILLER'S ANSWER TO COMPLAINT

---

NOW COMES Defendant, Sarah A. Buelow-Miller, personal representative for the Estate of Samuel J. Miller ("Answering Defendant"), by her attorneys, Stadler Sacks LLC, and pursuant to the Court's November 27, 2024 Order [ECF 7] and the Court's September 9, 2025 Text Only Order [ECF 67], as for her Answer and Affirmative Defenses to the Plaintiff, Steven James Hoffmann's Complaint states as follows:

### PARTIES

1. Plaintiff is a citizen of Wisconsin, and is located at 710 2nd Avenue, Eau Claire, WI 54703.

**ANSWER:** Answering Defendant admits that Plaintiff is a citizen of Wisconsin, but denies that Plaintiff is currently located at the Eau Claire County Jail. Upon information and belief, Plaintiff is currently being housed in the Chippewa Valley Correctional Treatment Facility in Chippewa Falls, Wisconsin.

2. Defendant Wisconsin State Patrol Office is a citizen of Wisconsin and resides at an unknown address.

**ANSWER:** Pursuant to the Court's screening order [ECF 7], Plaintiff cannot proceed on any claims against the Wisconsin State Patrol. To the extent a responsive pleading is required for this paragraph, Answering Defendant denies.

3. Defendant John Doe 1 [Lieutenant Wade Schlichting] is a citizen of Wisconsin and resides at an unknown address and worked for unknown law enforcement agency.

**ANSWER:** Answering Defendant admits that Lieutenant Wade Schlichting is a citizen of Wisconsin and that he works for the City of Menomonie Police Department.

4. Defendant John Doe 2 [Officer Samuel Miller] is a citizen of Wisconsin and resides at an unknown address and worked for unknown law enforcement agency.

**ANSWER:** Answering Defendant admits that Samuel Miller was a citizen of Wisconsin and worked for the City of Menomonie Police Department prior to his death on December 27, 2024.

5. Defendant John Doe 3 [Officer Anthony Briski] is a citizen of Wisconsin and resides at an unknown address and worked for Dunn County Sheriff Department.

**ANSWER:** Upon information and belief, Answering Defendant admits that Anthony Briski is a citizen of Wisconsin and at that on or around May 15, 2024, worked for the City of Eau Claire Police Department.

6. Defendant John Doe 4 is a citizen of Wisconsin and resides at an unknown address and worked for Dunn County Sheriff Department.

**ANSWER:** Pursuant to the Court's screening order [ECF 7], Plaintiff cannot proceed on any claims against Joe Doe 4. To the extent a responsive pleading is required for this paragraph, Answering Defendant is without knowledge or information sufficient to form a belief as to this paragraph and therefore denies.

7. Defendant Brett Boley is a citizen of Wisconsin and resides at unknown address and worked for Wisconsin State Patrol Office.

**ANSWER:** Pursuant to the Court's screening order [ECF 7], Plaintiff cannot proceed on any claims against Brett Boley. To the extent a responsive pleading is required for this paragraph, Answering Defendant denies.

## STATEMENT OF CLAIM

8. On or about May 15, 2024 Plaintiff had a drug induced psychosis and became fearful that law enforcement officers were after him in attempt to kill him.

**ANSWER:** Answering Defendant is without knowledge or information sufficient to form a belief as to this paragraph and therefore denies.

9. Because of this psychosis, the Plaintiff fled from John Doe 1 [Lieutenant Wade Schlichting] and John Doe 2 [Officer Samuel Miller] in his vehicle.

**ANSWER:** Answering Defendant only admits that on May 18, 2024 Plaintiff fled from law enforcement in a motor vehicle. Answering Defendant denies that the remainder of this paragraph adequately or accurately describes the chain of events and therefore denies.

10. After a short pursuit, Brett Boley flattened the Plaintiff's tires causing the vehicle to slow down.

**ANSWER:** Answering Defendant only admits that during the pursuit, Plaintiff's vehicle struck a tire deflation device that was placed by law enforcement. Answering Defendant denies that the remainder of this paragraph adequately or accurately describes the chain of events and therefore denies.

11. At that moment, John Doe 3 [Officer Anthony Briski] and John Doe 4 used special tactics to bring the vehicle to a stop.

3

**ANSWER:** Answering Defendant only admits that law enforcement officers were able to bring Plaintiff's vehicle to a stop. Answering Defendant denies that the remainder of this paragraph adequately or accurately describes the chain of events and therefore denies.

12. As the vehicle was coming to a stop, Plaintiff exited the vehicle and fled on foot.

**ANSWER:** Answering Defendant admits.

13. [A]fter a short foot pursuit, the Plaintiff stopped and held a knife up to his own neck threatened to kill himself.

**ANSWER:** Answering Defendant only admits that at some point Plaintiff held a machete style knife to his neck and stated to law enforcement that he was going to kill himself. Answering Defendant denies that the remainder of this paragraph adequately or accurately describes the chain of events and therefore denies.

14. While doing that, one of the defendants used their gun to shoot Plaintiff with a rubber bullet and shortly after another defendant deployed their taser on the Plaintiff who was already hurt from being shot with a rubber bullet.

**ANSWER:** Answering Defendant only admits that law enforcement officers used a single less lethal round to subdue Plaintiff and deployed a TASER on Plaintiff. Answering Defendant denies that the remainder of this paragraph adequately or accurately describes the chain of events and therefore denies.

15. As the Plaintiff was subdued by the taser, one of the defendants allowed their K-9 dog to viciously attack the Plaintiff.

**ANSWER:** Answering Defendant only admits that a law enforcement officer deployed a K-9 to assist in subduing Plaintiff. Answering Defendant denies that the remainder of this paragraph adequately or accurately describes the chain of events and therefore denies.

16. Because of the malicious behavior by the officers and the excessive force that was used, Plaintiff was severely injured and had to be transported to multiple hospitals for treatment.

**ANSWER:** This paragraph contains conclusions of law to which no answer is required. To the extent a responsive pleading is required for this paragraph, Answering Defendant denies.

17. The excessive force that was used by the defendants clearly violated the Plaintiff's amendment to the 8th Constitutional Right, as well as the 14th Constitutional Right.

**ANSWER:** This paragraph contains conclusions of law to which no answer is required. To the extent a responsive pleading is required for this paragraph, Answering Defendant denies.

## JURISDICTION

18. I am suing for a violation of federal law under 28 U.S.C. § 1331.

**ANSWER:** Answering Defendant admits that Plaintiff is bringing this lawsuit for a purported violation of federal law and that jurisdiction is proper in this Court.

## RELIEF WANTED

19. Plaintiff request that the Court award him compensation and punitive damages in the sum of $1,000,000 from each defendant in this matter. Plaintiff also requests that that court order the defendants be retrained to continue performing the duties as Police Officers.

**ANSWER:** Plaintiff's requested relief is not a statement of fact that Answering Defendant is required to provide a responsive pleading to. To the extent that a responsive pleading is required for this paragraph, Answering Defendant denies that Plaintiff is entitled to any relief.

**As to any allegation of fact that has not been specifically admitted or denied, Answering Defendant denies.**

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, because of Plaintiff's failure to exhaust administrative remedies.

3. Plaintiff's claims may be premature and not ripe.

4. Plaintiff's claims may be moot.

5. Plaintiff's Complaint may be barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff has failed to mitigate damages, if any.

7. Plaintiff's claims may be barred by the doctrine of estoppel.

8. Plaintiff's claims may be barred by the doctrine of unclean hands.

9. Plaintiff may have waived some or all of his claims.

10. Any damages sustained by Plaintiff were caused by intervening and/or superseding causes over which Answering Defendant had no control, including but not limited to the acts or omissions of the Plaintiff.

11. The actions of defendants were rationally related to legitimate law enforcement objectives.

12. There exists no policy of the defendants authorizing the violation of any individual's rights pursuant to the United States Constitution and, therefore, Plaintiff has failed to state a federal claim with regard to any municipal entity defendant or individual defendant acting in his official capacity.

13. Defendants are entitled to absolute, qualified, or other form of immunity.

14. At all times defendants have operated within the applicable and controlling law, or within a reasonable interpretation and understanding of the law and has not violated any federal laws or constitutional rights of Plaintiff.

15. Plaintiff's damages, if any, may be subject to various applicable limitations or exclusions, including the damages caps of Wis. Stat. § 893.80.

16. Plaintiff may have failed to comply with the notice of claim provisions of Wis. Stat. § 893.80.

17. Plaintiff's claims are barred in whole or part by issue preclusion and/or claim preclusion.

18. Plaintiff was not denied any protections guaranteed by the Constitution.

19. Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983.

20. To the extent Plaintiff claims punitive damages, such claims are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the State of Wisconsin.

21. At no time material hereto did the defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

22. At all time material hereto, defendants' actions were objectively reasonable in light of the totality of the circumstances.

23. At all time material hereto, defendants use of force was reasonably calculated to achieve Plaintiff's compliance.

24. Some or all of Plaintiff's claims may be barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).

25. The Court has held that Plaintiff may not proceed against certain parties or on certain claims other than those identified in the screening order. [ECF 7].

26. Any other affirmative defenses uncovered through the course of discovery and litigation of this matter.

WHEREFORE, Answering Defendant respectfully requests that the Court: enter judgment in her favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice and in its entirety; deny each and every demand, claim, and prayer for relief contained in Plaintiff's Complaint; award to Answering Defendant her attorneys' fees and costs; and grant such other and further relief as the Court may deem just and proper.

Dated this 24th Day of September, 2025.

STADLER SACKS LLC
Attorneys for Defendants Wade Schlichting and
Sarah A. Buelow-Miller, as personal representative
for the Estate of Samuel J. Miller

By: /s/ *Ronald S. Stadler*
    Ronald S. Stadler
    State Bar No. 1017450
    Jonathan E. Sacks
    State Bar No. 1103204

303 – B North Main Street
West Bend, WI  53095
Telephone: 262-304-0610
e-mail:  rss@stadlersacks.com
       jes@stadlersacks.com