IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN JAMES HOFFMANN,

                      Plaintiff,

v.                                               OPINION and ORDER

LIEUTENANT WADE SCHLICHTING, *et al.*,          24-cv-541-jdp

                      Defendants.

---

    Plaintiff Steven James Hoffmann, a state prisoner representing himself, is proceeding against defendants on Fourth Amendment excessive force claims. Dkt. 7. Relevant here, defendant Officer Anthony Briski works for the Eau Claire Police Department and executed a waiver of service on July 31, 2025. Dkt. 65. By doing so, it was not necessary to formally serve Briski, and Briski received additional time to answer, until September 29, 2025. But Briski did not file an answer until November 26, 2025. Dkt. 91.

    This order addresses plaintiff's request for entry of default and default judgment against Briski, Dkt. 82 & Dkt. 85, and Briski's motion for an extension of time to file his answer, Dkt. 87. For the following reasons, the court will DENY plaintiff's motions, GRANT Briski's motion, and accept Briski's answer at Dkt. 91.

ANALYSIS

    A defendant who does not answer or respond to the complaint on time and has not appeared in the case may be in default. A plaintiff may ask for judgment in their favor based on this default by completing two steps: (1) ask the clerk of court to enter default against the

defendant and, if the request is granted, then (2) ask the court for a default judgment. See Federal Rule of Civil Procedure 55(a) and (b).

Plaintiff has completed both steps, noting when he filed his motions for entry of default and for default judgment on November 24, 2025, that Briski had not responded to the complaint. The next day, defense counsel for Briski filed notice with the court of his retention and Briski's intention to file a motion to extend time to file an answer as well as a response to plaintiff's motions for default. Dkt. 86. Briski quickly did so, filing an extension motion and supporting materials and his answer on November 26, 2025, and his response to the motions for default on December 1, 2025.

Briski attests that when he executed the waiver of service on July 31, 2025, he believed that the Eau Claire Police Department had received a copy of the summons and complaint. Dkt. 88, ¶ 3. He further explains that when he executed the waiver, he believed he was doing so at the behest of retained counsel who would file an answer on his behalf, and thus he took no further steps. *Id.* at ¶ 4. Briski attests that he now understands that he had been contacted by someone with the U.S. Marshals Service attempting to serve him, not by his legal representation. *Id.*

A representative of the City of Eau Claire corroborates Briski's version of events. Jasmine Dutton attests that the U.S. Marshals Service contacted the City in June 2025 about serving a copy of the summons and complaint in this case and were directed to serve the front desk at the police department. Dkt. 89, ¶ 2. But formal service on the City never occurred because Briski accepted service himself. *Id.*, ¶ 3. And the City understood that the municipality Briski had been assisting during the incident underlying this lawsuit would provide Briski's

2

defense, so it contacted that municipality's preferred counsel only to later learn that the other municipality had in fact engaged different counsel. *Id.*, ¶ 4.

Under Federal Rule of Civil Procedure 6(b)(1)(B), the court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." A finding of excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," but extends to some cases in which the delay is "caused by inadvertence, mistake, or carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 388 (1993).

Briski's nearly two-month delay in answering the complaint is the result of layers of misunderstanding and miscommunication—inadvertence and mistake that will not cause plaintiff to suffer any prejudice and thus constitute excusable neglect. The court only recently set the case schedule, and Briski states that he will not object to any of the deadlines or seek rescheduling. Dkt. 90 at 4. The court prefers to decide cases on the merits when it can. *Atkins v. Gilbert*, 52 F.4th 359, 361 (7th Cir. 2022). Because the delay was the result of Briski's mistaken but reasonable belief that his employer would provide an attorney and miscommunication between municipalities about that representation, and because plaintiff will not be prejudiced, the court will accept Briski's answer as timely filed.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven James Hoffmann's motion for entry of default, Dkt. 82, and motion for default judgment, Dkt. 85, are DENIED.

2. Defendant Anthony Briski's motion for extension of time to file answer, Dkt. 87, is GRANTED and Briski's answer, Dkt. 91, is accepted as timely filed.

Entered December 5, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge